FIRST NATIONAL BANK OF PERTH AMBOY, NEW JERSEY, PROSECUTOR, v. JOSEPH POLKOWITZ AND LEO GOLDBERGER, JUDGE OF THE DISTRICT COURT OF PERTH AMBOY, RESPONDENTS.

Submitted October 16, 1931—Decided January 20, 1932.

Before Justices CAMPBELL, LLOYD and BODINE.

For the prosecutor, *Lewis S. Jacobson.*

For the respondents, *Jacob I. Polkowitz* and *Jacob H. Bernstein.*

PER CURIAM.

Joseph Polkowitz, an undertaker, instituted an action in the Perth Amboy District Court to recover from the defendant Melvina Goldberger, executrix, the funeral expenses incurred in the burial of Klara Weiss, for whose estate the defendant Melvina Goldberger was executrix.

Process was executed by attaching moneys alleged to be due from the First National Bank of Perth Amboy to the estate of Klara Weiss on April 10th, 1931. Judgment was entered against the defendant, who had entered an appearance in the cause, on June 5th, 1931. A *scire facias* was then issued directing the bank to show cause on June 22d, 1931, why the plaintiff should not have execution upon his judgment against the estate of Klara Weiss out of the moneys in the hand of the bank. To the *scire facias* the defendant made answer that prior to the 10th of April, 1931, when the attachment was served, there had been an indebtedness due to the First National Bank by Klara Weiss of $8,227.83 on a promissory note dated January 19th, 1931, payable one month after date, and that at the same time Klara Weiss had on deposit with the bank the sum of $5,050, and further that prior to the 10th of April, to wit, on the 2d of April, 1931, the amount so on deposit was applied in liquidation and partial cancellation of said promissory note, and that in consequence of such appropriation the bank was not then indebted to the estate of Klara Weiss, deceased.

Without further proceedings the court thereafter on the 13th of August, 1931, made an order that the bank, garnishee, pay the debt or so much thereof as might be necessary to satisfy the execution.

There appears in the record an affidavit of one Datz, a constable, tending to show an admission by the cashier of the bank that there were moneys to the credit of Klara Weiss

sufficient to pay the judgment of the plaintiff. This affidavit, however, is dated July 21st, 1931, a month after the return day of the writ of *scire facias,* and was therefore neither available nor competent as proof to rebut the answer of the bank to the writ itself. It was incumbent on the trial judge to proceed in accordance with section 76 of the District Court act (*Comp. Stat., p.* 1979), which declares that "if the garnishee shall appear at the return of the *scire facias* and plead thereto that he had no goods and chattels, rights and credits of the defendant in his custody or possession, either at the time of executing the writ of attachment or at any time since, or that he was not indebted to the defendant, and the plaintiff on trial shall prove that he was indebted or had such goods and chattels and rights and credits, then the court shall find for the plantiff and assess damages * * * against the goods and chattels of such garnishee, but if the court shall determine against the plaintiff in favor of the garnishee, then he shall recover costs against the plaintiff and have execution for the same."

Under this statute it was incumbent on the trial judge to determine by judicial procedure the rights of the parties, and these methods required that proofs on the issue raised by the return should be received by the calling of witnesses or the production of other competent evidence and affording opportunity for cross-examination to each adversary upon such proofs being tendered. The rights of litigants are not to be summarily disposed of in the manner pursued in this cause.

The judgment is set aside.